BOARD OF EDUCATION OF THE ALTMAR-PARISH-WILLIAMSTOWN CENTRAL SCHOOL DISTRICT et al., Respondents, v GORDON AMBACH, as Commissioner of Education of the State of New York, Appellant.

Third Department, July 13, 1978

## APPEARANCES OF COUNSEL

*Robert D. Stone (Louis H. J. Welch* of counsel), for appellant.

*O'Hara, O'Hara & Vars (Richard C. Heffern* of counsel), for respondents.

## OPINION OF THE COURT

LARKIN, J.

Plaintiffs are the component school districts of the Board of Cooperative Educational Services for the sole Supervising District of Oswego County, New York (BOCES). BOCES entered into certain preliminary agreements with the State Dormitory Authority pursuant to which the Dormitory Authority undertook to finance the construction of two buildings for BOCES, to be known as the Area Education Center. BOCES agreed to pay the Dormitory Authority the principal and interest on bond anticipation notes that were issued by the authority to finance the construction. Pursuant to relevant provisions of the Education Law, these payments by BOCES were assessed back to the component school districts, the plaintiffs herein.

By chapter 33 of the Laws of 1976, effective March 12, 1976, the Legislature added subdivision 13 to section 1950 of the Education Law, authorizing boards of cooperative educational services and their component school districts to enter into agreements to acquire facilities from the Dormitory Authority and declaring that such acquisitions would be a school district purpose for which school districts could expend money and contract indebtedness. Paragraph f of subdivision 13 provides: "State aid on account of the acquisition of such facilities shall be paid to each component school district based upon its respective debt service or share thereof paid pursuant to the agreement herein provided for, and upon its respective aid ratio".

Plaintiffs entered into an agreement with BOCES to purchase the subject facility from the Dormitory Authority whereby each plaintiff agreed to pay a specified share of the cost of the so-called "buy-out". Thereafter, each plaintiff either adopted a bond resolution authorizing the school district to issue serial bonds for its share of the Dormitory Authority obligation or made other provisions pursuant to the Local Finance Law. This action was commenced after the defendant

Commissioner of Education determined that State aid for the project would not be paid at 100%, but would be subject to "cost allowance considerations". Upon an application by plaintiffs for summary judgment, Special Term concluded that section 1950 (subd 13, par f) of the Education Law required the payment of State aid on a 100% basis, without considering cost allowance factors. We agree with Special Term.

By chapter 728 of the Laws of 1976, effective July 24, 1976, the Legislature added subdivision 14 to section 1950 of the Education Law, authorizing boards of cooperative educational services and their component school districts to enter into contracts for the acquisition or construction of facilities and declaring that such acquisition or construction would be a school district purpose for which school districts could expend money and contract indebtedness. Paragraph f of subdivision 14 provides: "State aid on account of the acquisition or construction of such facilities shall be paid to each component school district based upon its respective debt service or share thereof paid pursuant to the agreement herein provided for, and upon its respective aid ratio. *Any such computation of state aid shall further be based upon the cost of such acquisition, or construction, and including incidental costs, to the board of cooperative educational services but not to exceed the cost allowance set forth in subdivision six of section thirty-six hundred two of this chapter.*" (Emphasis supplied.)

Accordingly, the statute authorizing boards of cooperative educational services and their component school districts to acquire and construct facilities in general and providing State aid therefor specifically requires that cost allowance be considered in calculating the State aid (Education Law, § 1950, subd 14, par f). In contrast, the statute authorizing boards of cooperative educational services and their component school districts to acquire facilities from the Dormitory Authority and providing State aid therefor contains no reference to cost allowance (Education Law, § 1950, subd 13, par f). A fair reading of these parallel statutes, both enacted in 1976, persuades us that Special Term correctly ruled that the Legislature, by omitting a reference to cost allowance in section 1950 (subd 13, par f), the statute in issue herein, meant to prohibit the defendant from using cost allowances in computing State aid thereunder.

We have considered the remaining arguments of the defendant and find them to be without merit.

The order and judgment should be affirmed, with costs.

Mahoney, P. J., Kane, Staley, Jr., and Main, JJ., concur.

Order and judgment affirmed, with costs.